UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA WEST** | **CIVIL ACTION NO.** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **HOME DEPOT U.S.A., INC. AND ERIC HALL** | **MAGISTRATE JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, Home Depot Inc., ("Home Depot"), hereby removes the action captioned "*Barbara West v. The Home Depot, Inc. and Eric Hall*" bearing docket number 2020-0002590, Division "F" on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Home Depot pleads the following grounds:

## BACKGROUND

I.

On October 2, 2020, this civil action was filed by plaintiff, Barbara West ("Plaintiff"), in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing docket number 2020-0002590, Division "F" and captioned "*Barbara West v. The Home Depot, Inc. and Eric Hall*" ("Petition"). *See* Affidavit of Counsel, attached hereto as **Exhibit A** and Petition for Damages, attached hereto as **Exhibit A-1**.

II.

In Plaintiff's Petition, it is alleged that on September 17, 2020, while shopping at the Home Depot Store in Hammond, Louisiana, Plaintiff was injured when she slipped and fell outside of the store. *See generally*, **Exhibit A-1**, Petition for Damages.

III.

Plaintiff alleges in his Petition that she is, at the time of the filing of this action, a citizen of the State of Louisiana. *See generally*, **Exhibit A-1**, Petition for Damages.

IV.

Defendant, The Home Depot U.S.A., Inc. was at the time of the filing of this action and still is, a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Thus, Home Depot U.S.A, Inc. is a citizen of the states of Delaware and Georgia. *See* **Exhibit A**, Affidavit of Counsel.

V.

Defendant, Eric S. Hall ("Jefferson"), the store manager for the Hammond Home Depot, was at the time of filing of this action, and still is, a resident, domiciliary, and citizen of the state of Louisiana.

## **ALL PROPERLY JOINED PARTIES ARE DIVERSE IN CITIZENSHIP**

VI.

The Fifth Circuit has recognized that "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction."[1] In considering whether a plaintiff has fraudulently joined a party to prevent removal, courts place the burden on the removing party to establish that the "plaintiff has no possibility of establishing a valid cause of action against the in-state defendant."[2]

---

[1] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing 28 U.S.C. § 1359) (emphasis in original).
[2] *Johnson v. Shell Oil Co.*, No. 94-2647, at *1 (E.D. La. Nov. 9, 1994) (Berrigan, J.) (quoting *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989)) (internal quotations omitted).

VII.

In his Petition, Plaintiff named as defendant Hall, the store manager for the Hammond Home Depot and a domiciliary of Louisiana. *See* **Exhibit A-1**. However, Home Depot suggests that this Court should ignore the citizenship of Hall as an improperly joined party and find complete diversity between Plaintiff, a Louisiana citizen and domiciliary, and Home Depot, a citizen and domiciliary of Georgia and Delaware.

VIII.

Plaintiff's Petition fails to state a viable cause of action against Hall. It is well settled that allegations of breach of supervisory or administrative duties against store managers such as Hall, who are not actually involved in the alleged accident, are insufficient to sustain suit and warrant the exercise of diversity jurisdiction.[3] Here, Plaintiff makes no allegation that Hall was involved in the incident or otherwise contributed or caused same. *See* **Exhibit A-1**, Petition for Damages, ¶¶ 13-15. Instead, Plaintiff seeks to hold Hall responsible solely in his representative and managerial capacity only. *See* **Exhibit A-1**, Petition for Damages. Thus, the Plaintiff has improperly named Hall as a defendant for the sole purpose of defeating federal jurisdiction.

IX.

Home Depot suggests herein that the citizenship of Hall should be ignored for purposes of diversity jurisdiction, and Hall should be dismissed from this case.

---

[3] *Smith v. Armstrong*, 90-4817 (E.D.La. 1/15/1991); 1991 WL 6132 (denying remand on fraudulent joinder grounds, finding that "plaintiff seeks to impose liability on the store manager for breaches of his general administrative duties to instruct and supervise."); *see also Driver v. Wal-Mart Louisiana, L.L.C.*, 09-786, 2009 WL 2913938 (W.D. La 9/9/2009) (denying remand and dismissing nondiverse store manager, finding that "this is a classic case of attempting to place liability upon a store manager "simply because of his general administrative responsibility for performance of some function of employment."); *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 985 (M.D. La 7/19/1995) (denying remand and finding fraudulent joinder of nondiverse store manager where there were no allegations that she caused the accident at issue and was sued in managerial capacity); *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973) (holding that, under Louisiana law, a store manager cannot be held liable for a customer's injury on the store's premises unless four distinct criteria have been met).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

X.

Plaintiff claims that she is entitled to recover damages for injuries incurred as a result of this incident and alleges that her damages were caused by the negligence of Home Depot. *See generally*, **Exhibit A-1**, Petition for Damages. Plaintiff makes no specific allegations her injuries, simply alleging that she "remains under the care of her physicians". *See* **Exhibit A-1**, Petition for Damages, ¶ 16. In fact, Plaintiff alleges in her Petition that the amount in controversy is below $75,000 for purposes of removal because "Plaintiff's medical treatment is in its infancy." *See* **Exhibit A-1**, Petition for Damages, ¶ 16. Plaintiff amended her petition to allege generally that she is entitled to special and general damages as a result of this incident. *See* **Exhibit A-2**, Amended Petition for Damages.

XI.

On June 25, 2021, the undersigned received discovery responses from Plaintiff that indicates the extent and nature of the injuries and medical treatment which she alleges to be related to this incident. **Exhibit A**, Affidavit of Counsel; **Exhibit B**, Plaintiff's Discovery Responses. In her discovery responses, Plaintiff indicates that she alleges the following injuries and treatment following the accident: acute ankle fracture, left wrist pain, neck pain, right shoulder pain, left shoulder pain, lower back pain, radiating pain to her left lower extremity, and knee pain and hip pain. Plaintiff reports remaining under the care of her doctors for all injuries noted. **Exhibit B**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 12. In addition, Plaintiff underwent at least one lumbar epidural steroid injection. **Exhibit B**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 16.

XII.

Plaintiff's discovery responses and subsequent production also demonstrate medical bills totaling $16,604.84. *See* **Exhibit B**, Plaintiff's Discovery Responses, Answer to Interrogatory No. 7; **Exhibit C**, Southern Surgical Hospital Bill.

XIII.

Quantum research reveals that actions involving the injuries and treatment alleged, including a broken ankle and at least one lumbar epidural steroid injections, place the amount in controversy in excess of $75,000. *See* **Exhibit A**, Affidavit of Counsel. Further, the addition of the medical bills and expense total provided by plaintiff of $16,604.85 place the amount in controversy above $75,000 and warrants the exercise of federal jurisdiction.

## THE REQUIREMENTS FOR DIVERSITY JURISDICTION AND REMOVAL HAVE BEEN SATISFIED

XIV.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332, and is thus removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XV.

In compliance with 28 U.S.C §1446(a), a copy of all process, pleadings and orders served upon Defendant to date in state court have been requested and will be promptly filed into the Court's record upon receipt thereof.

XVI.

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants who have been *properly joined* and served" have joined in the removal of this action. As a fraudulently and improperly

joined defendant, the consent of Hall to this removal is not required as a matter of law.[4] Nevertheless, in an abundance of caution, Hall consents to the instant removal.

XVII.

In compliance with the requirements of 28 U.S.C. § 1446(b)(1), this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

XVIII.

As noted above, Home Depot was first placed on notice that the amount in controversy exceeds $75,000, exclusive of interests and costs, was on June 25, 2021, upon receipt of Plaintiff's discovery responses, past medical expense tabulation, and medical records. *See* **Exhibit A**, Affidavit of Counsel.

XIX.

In compliance with 28 U.S.C. §1446 (d), Defendant hereby certify that this notice of removal is being served contemporaneously herewith to all adverse parties, and to the Clerk of Court of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

**WHEREFORE**, defendant, Home Depot U.S.A., Inc., prays that Eric Hall be dismissed with prejudice as a party defendant and that this cause be removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

**SIGNATURE FOLLOWS ON NEXT PAGE**

---

[4] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that requiring an improperly joined defendant to consent to removal would defy reason); *Tomlinson v. St. Paul Fire & Marine Ins. Co.*, 06-3273, 2006 WL 2632105, at *1, *4 (E.D. La 9/12/2006) (holding that the requirement that all defendants must consent to removal does not apply to improperly joined defendants).

        Respectfully submitted,

        */s/ Megan S. Peterson*
        M. Davis Ready, T.A. (Bar No. 24616)
        Megan S. Peterson (Bar No. 34026)
        SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
        1100 Poydras Street, 30th Floor
        New Orleans, Louisiana 70163
        Telephone: (504) 569-2030
        Facsimile:  (504) 569-2999
        Email:    davisr@spsr-law.com
                meganp@spsr-law.com
        **Attorneys for Defendant, Home Depot U.S.A., Inc. and Eric Hall**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was sent by electronic and U.S. mail to all known attorneys of record as listed below this **23rd** day of **July**, 2021.

    Russell W. Beall
    Beall & Thies, LLC
    351 St. Ferdinand Street
    Baton Rouge, LA 70802
    Email: rbeall@beallthies.com

        */s/ Megan S. Peterson*