# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA WEST** | **CIVIL ACTION NO.**<br>**2021-cv-1403-CJB-KWR** |
| **VERSUS** | |
| | **DISTRICT JUDGE: CARL J. BARBIER** |
| **HOME DEPOT U.S.A., INC. AND ERIC HALL** | **MAGISTRATE JUDGE:**<br>**KAREN WELLS ROBY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, Home Depot Inc., ("Home Depot"), through undersigned counsel, respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Remand. Plaintiff has improperly joined the store manager, Eric Shayne Hall, as a nondiverse defendant, based solely in his capacity as the store manager, as Hall had no direct involvement in the incident alleged. Further, Plaintiff issues a blanket challenge to the amount in controversy, yet she has placed into dispute a multitude of alleged injuries, including an ankle fracture and ongoing spinal problems for which Plaintiff is actively undergoing treatment, including at least two injections, as well as complaints of pain to other areas of her body and alleged entitlement to multiple categories of damages. For the reasons herein, Home Depot suggests that this matter is properly removed, the Court has diversity jurisdiction over this matter, and the Motion to Remand filed by plaintiff should be denied.

## BACKGROUND

On October 2, 2020, this civil action was filed by plaintiff, Barbara West ("Plaintiff"), in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing docket number 2020-0002590, Division "F", and captioned "*Barbara West v. The Home Depot, Inc. and*

*Eric Hall*" ("Petition").[1] In Plaintiff's Petition, it is alleged that on September 17, 2020, while shopping at the Home Depot Store in Hammond, Louisiana, Plaintiff was injured when she slipped and fell on an unknown "substance" in the store parking lot.[2] Plaintiff claims that she is entitled to recover damages for injuries incurred as a result of this incident and alleges that her damages were caused by the negligence of Home Depot.[3] Plaintiff also named as defendant Eric Hall ("Hall"), a store manager for the Home Depot store wherein it is alleged that the accident occurred.[4]

On July 23, 2021, Home Depot removed this action based on diversity jurisdiction.[5] There is no dispute that Plaintiff is a Louisiana citizen. Nor is it disputed that Hall is also a citizen of Louisiana. While this would ordinarily destroy diversity, Home Depot asserts that Plaintiff improperly joined Hall to defeat diversity jurisdiction and keep this matter in state court. Home Depot contends that Plaintiff has no arguable or reasonable basis on which to state a cause of action against Hall. Home Depot further asserts that the amount in controversy requirement has been satisfied in this case.

## <u>LEGAL STANDARD</u>

The Fifth Circuit has recognized that "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction."[6] While a "properly joined" nondiverse defendant will prevent removal, where that defendant has been improperly joined, removal is permitted.[7] The Court has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish

---

[1]   R. Doc. 1-3, Petition for Damages.
[2]   *Id.*
[3]   *Id.*
[4]   *Id.*
[5]   R. Doc. 1, Notice of Removal.
[6]   *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing 28 U.S.C. § 1359) (emphasis in original).
[7]   28 U.S.C. § 1441(b)(2); *Smallwood,* 385 F.3d at 573.

a cause of action against the non-diverse party in state court."[8] To establish improper joinder under the second prong, the removing party must establish that the "plaintiff has no possibility of establishing a valid cause of action against the in-state defendant."[9] "Which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state or non-diverse defendant."[10] "A mere theoretical possibility of recovery under state law will not preclude a finding of improper joinder."[11]

The scope of the inquiry for improper joinder is even broader than that for Rule 12(b)(6). Where a plaintiff has stated a claim but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.[12]

On the issue of amount in controversy, the defendant can show the amount in controversy is greater than $75,000 if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) [it] sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."[13] If not facially apparent, then "a removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the

8   *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.2004).
9   *Johnson v. Shell Oil Co.*, No. 94-2647, at *1 (E.D. La. Nov. 9, 1994) (Berrigan, J.) (quoting *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989)) (internal quotations omitted).
10  *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir.2017) (quoting *Smallwood,* 385 F.3d at 573); *see also Strickland v. Brown Morris Pharmacy, Inc.*, CIV. A. 96-815, 1996 WL 537736, at *1 (E.D.La. Sept. 20, 1996) (denying motion to remand on grounds that nondiverse defendant in product liability action was fraudulently joined).
11  *Smallwood*, 385 F.3d at 573 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).
12  *Rushing v. Wal-Mart Stores, Inc.*, No. CIV.A. 15-269, 2015 WL 1565064, at *2 (E.D. La. Apr. 8, 2015) (citing *Smallwood*, 352 F.3d at 223 n.8).
13  *Manguno v Prudential Prop & Cas Ins Co*, 276 F.3d 720, 723 (5th Cir.2000) (quotation omitted).

requisite amount."[14] The defendant "ha[s] an affirmative burden to produce information, through factual allegations or an affidavit" that is sufficient to show the requisite jurisdictional amount.[15]

## DISCUSSION

In her Motion to Remand, Plaintiff raises two arguments: 1) that complete diversity does not exist, and 2) that Home Depot has not shown that the amount in controversy exceeds the jurisdictional threshold of $75,000. For the reasons that follow, these contentions lack support and Plaintiff's Motion to Remand should be denied.

## I.   HOME DEPOT MANAGER ERIC HALL WAS FRAUDULENTLY JOINED

Plaintiff cannot recover against Eric Hall for the incident that is the subject of the Petition because (1) Plaintiff alleges only supervisory and general duties of case; (2) Hall was not working on the date of the incident alleged; and (3) hypothetically, even if Hall were responsible for the incident, Plaintiff would have no possibility of recovery against him individually, as he would be deemed in the course and scope of his employment with Home Depot.

### A.   *Plaintiff has alleged only general and administrative duties against Hall*

Both federal and state courts in Louisiana have long held that allegations of breach of supervisory or administrative duties directed against store managers such as Hall, who are not actually involved in the alleged accident, are insufficient to sustain suit and warrant the exercise of diversity jurisdiction.[16] For an individual employee, like Hall, to be liable to a third person, the

---

[14]  *Id.* at 1335.

[15]  *Bourne v Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 839 (E.D.Tex.2008) (quoting *Simon v Wal-Mart Stores, Inc*, 193 F.3d 848, 851 (5th Cir.1999)).

[16]  *Smith v. Armstrong*, 90-4817 (E.D.La. 1/15/1991); 1991 WL 6132 (denying remand on fraudulent joinder grounds, finding that "plaintiff seeks to impose liability on the store manager for breaches of his general administrative duties to instruct and supervise."); *see also Driver v. Wal-Mart Louisiana, L.L.C.*, 09-786, 2009 WL 2913938 (W.D. La 9/9/2009) (denying remand and dismissing nondiverse store manager, finding that "this is a classic case of attempting to place liability upon a store manager "simply because of his general administrative responsibility for performance of some function of employment."); *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 985 (M.D. La 7/19/1995) (denying remand and finding fraudulent joinder of nondiverse store manager where there were no allegations that she caused the accident at issue and was sued in managerial capacity); *Canter v.*

plaintiff must demonstrate that the employee breached an independent, personal duty to her.[17] The U.S. Fifth Circuit Court of Appeals, in *Ford v. Elsbury*, embraced the guidelines set forth by the Louisiana Supreme Court in *Canter v. Koehring Co*. for determining whether personal liability may be imposed upon an employee:

> (1) the principal or employer must owe a duty of care to the customer;
> (2) That duty must be delegated by the principal or employer to the employee in question;
> (3) The employee must have breached that duty through his own personal fault; and
> (4) Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.[18]

When all four (4) of the above prongs are satisfied, the action must be remanded.

Despite Plaintiff's arguments to the contrary, her allegations against Hall do not go beyond the type of general, managerial claims often rejected by Louisiana courts as an insufficient basis for stating a cause of action. In her Petition, Plaintiff makes the following claims with respect to Hall:

a. Failure to maintain a safe environment for HOME DEPOT U.S.A., INC. customers;

b. Failure to be aware of and/or warn of the dangerous condition;

c. Failure to properly train and instruct employees in maintaining a safe environment for customers;

d. Creating an unsafe and hazardous condition;

e. Failure to remove the dangerous condition;

f. Failure to barricade the aisle from customer access while the trip hazard was on the floor;

---

*Koehring Co.*, 283 So.2d 716 (La. 1973) (holding that, under Louisiana law, a store manager cannot be held liable for a customer's injury on the store's premises unless four distinct criteria have been met).

[17] *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958 (M.D.La. 1995) (citing *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) and *Canter*, 283 So.2d at 721).

[18] *Canter*, 283 So.2d at 721.

g.  Facilitating and/or contributing to creating the hazard of trip hazards being present by participating in the stocking and/or other like conduct involving stocking and/or otherwise arranging the display of products outside the store;

h.  Having the existence of the subject trip hazard for such a period of time that had ERIC S. HALL been acting as a prudent manager, he would have learned of and remedied the hazard;

i.  Having direct and/or constructive knowledge of the unreasonably dangerous and unsafe condition and failing timely remedy the problem;

j.  Failing to follow-up with employees and staff to insure that appropriate safety protocols were in place; and

k.  Failing to direct and/or supervise employees to engage in appropriate safety protocols;[19]

Plaintiff asserts that the above is sufficient to state a claim against Hall for personal liability and are indicative of Hall's "direct involvement" in causing the incident.[20]

Numerous federal district courts in Louisiana have found similar allegations insufficient to support personal liability on the part of a store manager, concluding that the store manager or employee was improperly joined in an effort to defeat diversity. For example, in *Robinson v. Wal-Mart Stores, Inc.,* a plaintiff sued a Wal-Mart store and its general manager after she slipped and fell while shopping in the store.[21] The court denied the motion to remand, concluding that the manager was improperly joined because the plaintiff failed to allege that the manager owed a personal, independent duty to store patrons, delegated to him by Wal-Mart, which he breached through personal, rather than technical or administrative, fault.[22] There, in the same way here, the plaintiff alleged that the manager was responsible for negligent training and supervision of store employees as well as failing to maintain a safe store by failing to observe, warn, and remedy

---

[19]  R. Doc. 1-3, Petition for Damages at ¶ 15.
[20]  *See* R. Doc. 6-1 at 4-5.
[21]  *Robinson v. Wal-Mart Stores, Inc.,* 15-6871 (E.D. La. Apr. 19, 2016); 2016 WL 1572078.
[22]  *Id.* at *3

potentially hazardous conditions.[23] Likewise, in *Daigle v. Family Dollar Stores of Louisiana, Inc.*, this Court denied a motion to remand where plaintiff had included the store manager as a defendant in a slip and fall case concerning spilled liquid.[24] The allegations there were similar to those here, alleging general duties to keep the store clear of hazards, failing to warn customers of the presence of a hazard, and failure to remedy the condition.[25] Similarly, in *Bennett v. Kmart Corp.*, plaintiff alleged a slip and fall in the cafeteria area of Kmart. The court denied remand because "the plaintiff [did] not allege, and the facts do not show that [the manager] played any part in the accident in question through any personal act of negligence or malfeasance."[26]

In *Gautreau v. Lowe's Home Ctr., Inc.*, the Middle District of Louisiana held that liability could not be imposed on the general manager of a store for injuries the plaintiff sustained when a shelving board fell from a display shelf and hit her because plaintiff had not alleged that the manager "actively contributed to or had any personal knowledge of [the] harmful condition" created by the shelf that was alleged to be improperly constructed.[27] The allegations were that the manager should have inspected the shelf and knew or should have known of the hazard but failed to remedy it.[28] The Court in *Gautreau* explained that "none of the allegations of negligent acts committed by [the manager] contain any facts which distinguish [the manager's] alleged duty to the plaintiff from the general administrative responsibilities of his employment."[29]

Each of Plaintiff's allegations against Hall fall under the type of general, administrative, and managerial claims that are routinely dismissed by Louisiana courts. Yet, Plaintiff is emphatic that she has "made numerous allegations against Mr. Hall for his direct involvement in creating

---

[23] *Robinson*, 2016 WL 1572078, at *3.
[24] *Daigle v. Family Dollar Stores of Louisiana*, 18-6334 (E.D. La. Jan. 9, 2019); 2019 WL 142286, at *1.
[25] *Id.* at *2.
[26] *Bennett v. Kmart Corp.*, CIV. A. 96-2821 (E.D. La. Oct. 8, 1996); 1996 WL 577919, at *3.
[27] *Gautreau v. Lowe's Home Center, Inc.* 12–630 (M.D.La. Dec. 19, 2012); 2012 WL 7165280, at *4.
[28] *Id.*
[29] *Id.*

the hazard and/or failing to remedy it." Nothing in these allegations suggest some sort of duty that is *personal* to Hall, separate from the general administrative responsibilities and instead fall squarely in line with the cited cases, among others, that find such allegations—even if based on a failure to observe or remedy a condition—are nevertheless general, administrative duties to maintain a safe environment. As such, Plaintiff's Petitions fail to establish a viable cause of action against Hall.

  **B.**    <u>**Hall was not working in the store on the date of the incident alleged**</u>

  While a finding of fraudulent joinder is appropriate based on the pleadings alone, it remains proper because <u>Hall was not working in the store on the date of the incident alleged by Plaintiff</u>.[30] Thus, it is impossible for Hall to owe a personal duty to the Plaintiff or to have had "direct involvement in creating the hazard and/or failing to remedy it" when he wasn't present in the store at the time. Thus, the only allegations against Hall would be based on his managerial duties, which under *Canter*, is not a sufficient basis to sustain a separate cause of action against a store manager.

  In *Brown v. Wal-Mart Louisiana, LLC*, the plaintiff included an allegation that the Wal-Mart manager had actual knowledge of the dangerous condition and failed to repair it.[31] However, the defendant submitted an affidavit in which she attested that she had no knowledge of the condition and was not the store manager at the time of the incident alleged. The court concluded that plaintiff's allegations did not rise beyond a claim for breach of administrative and managerial duties, and denied leave to amend and remand.[32] Moreover, in *Black v. Lowe's Home Centers, Inc.*, the Middle District of Louisiana denied plaintiff's motion for remand where the defendant presented evidence that the store manager named in the suit was not working on the date of the

---

[30] *See* **Exhibit A**, Declaration of Eric S. Hall.
[31] *Brown v. Wal-Mart Louisiana, LLC*, 10 CV 1402 (W.D. La. Mar. 17, 2011); 2011 WL 13161555, at *4.
[32] *Id.*

accident.[33] Plaintiff alleged a slip and fall on a piece of plastic in one of the store aisles. The court denied remand finding that the manager was not in the store on the date of the incident and had no knowledge of or involvement in the incident.[34]

Here, the uncontroverted evidence is that Hall was not working at the Home Depot store on the day the accident occurred.[35] Thus, it would be impossible for him to violate any alleged personal duty towards Plaintiff or to have had "direct involvement" in causing the incident. In her Petition, Plaintiff alleges that on September 17, 2020, at approximately 6:20pm-6:40pm, she slipped on an unknown "substance" near one of Home Depot's entrances.[36] Hall could not have "direct knowledge" of this alleged substance or that it presented an unreasonably dangerous and unsafe condition as he was not physically present that day.[37]

In sum, there is a distinct lack of any allegations or evidence that Hall actively contributed in any way to the allegedly defective condition that is claimed to have caused Plaintiff's injury. This is "a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'"[38] Under

---

[33]  *Black v. Lowe's Home Centers, Inc.*, No. CIV.A. 10-478-RET, 2010 WL 4789165, (M.D. La. Nov. 17, 2010)(adopting Report & Recommendation, *Black v. Lowe's Home Centers, Inc.*, NO. 10-478-C-M2 (M.D. La. Oct. 22, 2010)(Noland, Mag. J.).

[34]  *Id.*

[35]  *See* **Exhibit A**, Declaration of Eric S. Hall.

[36]  *See* R. Doc. 1-3, Petition for Damages at ¶¶ 4 – 6.

[37]  *See Black v. Lowe's Home Centers, Inc.*, NO. 10-478-C-M2 (M.D. La. Oct. 22, 2010) (Noland, Mag. J.); 2010 WL 4789165; *see also Wilson v. Great Atlantic and Pacific Tea Co.*, No. 90-0471 (E.D.La. 1990) (plaintiff sued the manager of an A & P supermarket for injuries suffered when she slipped and fell in a puddle of shampoo on the floor. The court noted that the plaintiff had not alleged that the manager caused the spill and neglected to clean it up, but instead, that there was a foreign substance on the floor that he slipped in and that A & P, as the store owner, had a duty to keep the aisles and passageways clean and hazard free. Under those circumstances, the court found that the store manager had been improperly joined as a defendant); *Tudbury v. Galloway*, 1991 WL 112013 (E.D.La. 1991) (citing additional cases with similar holdings) (Plaintiff sought damages for injuries sustained when she slipped and fell on a liquid substance in a K-Mart. The fault she alleged on the part of the store manager included the failure to properly inspect the area, the failure to "adequately clean up the area," allowing foreign substances to go unnoticed on the floor, and allowing a dangerous condition to exist on the premises. She did not allege that the manager caused the spill or saw the spill and neglected to clean it. Because plaintiff sought to impose liability on the manager for breaches of his general administrative duties to inspect, the manager could not be held individually liable to the plaintiff and had been improperly joined).

[38]  *Rushing v. Wal-Mart Stores, Inc.*, 15-269, at *4 (E.D. La. Apr. 18, 2015).

such circumstances, Plaintiff cannot recover against Hall under Louisiana law, and Hall was improperly joined in a transparent effort to destroy diversity. As such, the removal is proper and the parties are diverse.

Home Depot suggests that this Court should ignore the citizenship of Hall as an improperly joined party and find complete diversity between Plaintiff, a Louisiana citizen and domiciliary, and Home Depot, a citizen and domiciliary of Georgia and Delaware and dismiss Eric Hall from this matter.

## II.    THE AMOUNT IN CONTROVERSY IS SATISFIED

The Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[39] "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."[40] Once the defendant meets its burden in either of these ways, the burden then shifts to the plaintiff to show that it is legally certain that her recovery will be less than $75,000.[41]

In this case, Plaintiff provided discovery responses and medical documentation that demonstrates the requisite an amount in controversy. Specifically, in response to a discovery request inquiring as to the nature and extent of the injuries claimed, Plaintiff provided a laundry list of alleged damages and injuries which she relates to the incident.[42] Plaintiff identifies and delineates no less than the _eight distinct medical injuries_, as follows:  (1) ankle fracture with ongoing pain and treatment; (2) low back pain with radiating symptoms down left leg; (3) knee

---

[39]  *See Manguno,* 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995)).
[40]  *Id.*
[41]  *De Aguilar*, 47 F.3d at 1411-12.
[42]  *See* R. Doc. 1-4, Plaintiff's Answer to Interrogatory No. 12.

pain and doctor recommendation to use knee scooter; (4) shooting pain to left wrist with ongoing brace usage; (5) neck pain; (6) right shoulder pain; (7) left shoulder pain; and (8) hip pain.[43] She also notes using or being recommended the use of various orthopaedic appliances including a boot, crutches, knee scooter, and wrist brace/splint.[44]

Plaintiff also notes in her discovery responses and medical production that she underwent a lumbar epidural steroid injection, performed on May 21, 2021.[45] In updated medical billing records from this provider, it is apparent that Plaintiff underwent a second lumbar epidural steroid injection on July 16, 2021, just one week prior to the removal of this case, evidencing ongoing and active treatment for at least the complaints of low back pain with radiating complaints.[46] Further, the addition of this injection increases the past medical special total to nearly $20,000.[47]

Receipt of the above-mentioned medical records and description of injuries, as well as past medical special documentation of approximately $20,000, serve as clear and unequivocal notice that the amount in controversy exceeds the Court's jurisdictional threshold of $75,000. Indeed, the ankle fracture and the low back pain with radiating complaints, involving two epidural steroid injections, alone warrant the exercise of diversity jurisdiction.[48] When considered together, the full

---

[43] *See* R. Doc. 1-4, Plaintiff's Answer to Interrogatory No. 12.
[44] *See* R. Doc. 1-4, Plaintiff's Answer to Interrogatory No. 12.
[45] *See* R. Doc. 1-4 and 1-5.
[46] *See* **Exhibit B**, Declaration of counsel; **Exhibit B-1** attached thereto.
[47] *See* **Exhibit B**, Declaration of counsel; **Exhibit B-1** attached thereto.
[48] *See McAvey v. Lee*, 260 F.3d 359, 362 (5th Cir.2001)(affirming jury award from the Eastern District of Louisiana of nearly $300,000 to motel guest who fractured heel while chasing robbers); *Hebert v. Boesch*, No. 2015 CA 1791, 194 So.3d 798 (La. App. 1 Cir. 3/3/16) (affirming general damage award of $75,000 to plaintiff in automobile accident that reported injuries to neck, back, shoulders, chest and shins and treated conservatively for disc bulges with medication and physical therapy; past medical specials of approximately $15,000); *Matlock v. City of Shreveport*, 45920 (La. App. 2 Cir 3/11/11); 58 So.3d 1131 ($50,000 in general damages awarded for a fractured ankle treated with physical therapy and a boot, with residual pain complaints); *Francois v. Holiday Inn, Inc.*, 95-2519, p. 6 (La.App. 4 Cir. 7/3/96); 678 So.2d 55, writ denied, 96-2012 (La. 11/8/96); 683 So.2d 271, and writ denied, 96-2033 (La. 11/8/96); 683 So.2d 274 (noting that $60,000 was the highest reasonable award for six months treatment for a contusion of the ankle and a possible hairline fracture.); *Bruno v. State Farm Mut. Auto Ins.*, No. 2004-0096 (15th JDC, Lafayette 8/11/05), summary available at 2005 WL 2874720 (awarding $90,000 in general damages for bilateral joint arthropathy at L4-5 and constrictions at L4-5 and L5-S1 for which plaintiff underwent a lumbar steroid injection; past medical specials just under $9,500).

range of injuries which plaintiff alleges are related to this incident, including knee pain/immobilization, wrist pain/immobilization, neck pain, bilateral shoulder pain, and hip pain, indicate that the amount in controversy has been met.

Section 1446 indicates that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[49] The Court is permitted to "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim."[50] Plaintiff alleges that she is entitled to general damages for all of the above mentioned alleged injuries, as well as special damages categorized as past and future medical expenses, lost wages, loss of earning capacity, and amounts for past and future loss of services.[51] By placing the list of injuries and claimed damages into controversy, Plaintiff has placed defendant on notice of the amount in controversy. Citing to answers to Interrogatories is sufficient summary-judgment type evidence that can demonstrate the requisite amount in controversy.[52] Removal herein was appropriate based on the range of injuries, which includes a broken ankle with ongoing pain and treatment as well as lower back pain with ongoing radicular pain and past treatment that includes at least two epidural steroid injections, among other alleged areas of pain and injury to her wrist, knee, neck, and hips.[53]

---

[49]   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81; 135 S.Ct. 547, 554; 190 L.Ed.2d 495 (2014).

[50]   *Robertson v. Exxon Mobil Corp*., 814 F.3d 236, 240 (5th Cir. 2015).

[51]   *See* R. Doc. 1-3, Plaintiff's First Supplemental and Amending Petition for Damages.

[52]   *See Robertson*, 814 F.3d at 241.

[53]   *See Cook v. Walmart, Inc*., CV 20-02945, 2021 WL 1440135, at *2 (E.D. La. Apr. 16, 2021) (denying remand where defendant provided evidence of $12,000 in past specials with intent for plaintiff to proceed with epidural steroid injections); *Manieri v. CR England, Inc*., CV 19-2805, 2019 WL 2022535, at *4 (E.D. La. May 8, 2019) (denying remand where defendant showed past medical expenses of $14,000 with recommendations for and intention to proceed with cervical epidural steroid injections); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir.2000)(finding the amount in controversy requirement satisfied where the plaintiff alleged that "she sustained injuries to her right wrist, left knee and patella, and upper and lower back [and] alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement."); *accord. Estate of Montgomery v. Caregivers Servs., L.L.C.*, 1:18CV194-HSO-JCG, 2019 WL 206099, at *2 (S.D. Miss. Jan. 15, 2019) (denying remand and finding the amount in controversy satisfied with allegations of a broken ankle, shin, and contusions to the head/shoulder).

The sole basis for Plaintiff's challenge to the amount in controversy lies with a single, noncommittal paragraph in her Petition, filed nearly a year ago, wherein she suggests the amount in controversy does not exceed $75,000:

> 16.
> Petitioner remains under the care of her physicians and her condition is not yet at maximum medical improvement. However, to the extent that defendant would attempt to file a notice of removal in federal court, petitioner shows federal court lacks jurisdiction over this matter, as the current amount in dispute does not exceed $ 75,000.00. Plaintiff's medical treatment is in it's [sic] infancy and it is unknown if said damages would get anywhere close to the threshold amount necessary for removal. Petitioner shows the law does not require, nor is this a stipulation as to damages, but rather an allegation as to the amount in controversy at the time of this filing.[54]

In fact, the law *does* require that, if the Plaintiff wishes to remain in state court, she must include a binding stipulation or affidavit committing to damages less than the jurisdictional amount prior to removal. The Fifth Circuit has explicitly stated such: "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" so long as the stipulation establishes to a "legal certainty" that the federal amount in controversy is not present.[55] "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."[56] No matter how artfully worded, Plaintiff's suggestion that the amount in controversy is not established is not binding and does not preclude recovery above $75,000 and, as such, is insufficient to preclude removal in this instance. Moreover, she has placed into controversy multiple physical injuries, including a fractured ankle

---

[54] R. Doc. 1-3, Petition for Damages, ¶ 16.
[55] *De Aguilar*, 47 F.3d at 1412.
[56] *Ardoin v. Allstate Ins. Co.*, CIV.A.06-7624, 2007 WL 97062, at *2 (E.D. La. Jan. 9, 2007)

and two lumbar epidural steroid injections to treat low back radicular symptoms, as well as multiple other orthopedic injuries for which she describes ongoing treatment.[57]

## CONCLUSION

Home Depot appropriately removed this action upon receipt from Plaintiff of discovery responses and medical records placing into controversy a number of medical issues including a fractured ankle and ongoing treatment for low back pain with radicular symptoms, as well as other alleged physical injuries and pain, producing past medical expenses of at least $16,000 (which to date have been demonstrated as almost $20,000),[58] as well as the allegations of entitlement to general damages, lost wages, loss of earning capacity, and loss of services, all of which place the amount in controversy in excess of the jurisdictional amount.

Further, as noted above, Eric Hall is not a proper defendant in this action under Canter and caselaw interpreting same, as Plaintiff has merely sued Hall in his supervisory capacity as the Store Manager. Home Depot has presented affirmative, summary-judgment evidence that Hall had nothing to do with the incident alleged and was not working in the store on the date in question. As such, the Court should disregard Hall as a party defendant and find that complete diversity exists between the parties.

Considering the foregoing, Home Depot requests the Court to deny the Motion to Remand filed by Plaintiff, Barbara West, finding the existence of diversity jurisdiction, and for all other relief which may be appropriate under the circumstances.

**[SIGNATURES FOLLOW ON THE NEXT PAGE]**

---

[57]   *See* R. Doc. 1-4, Plaintiff's Answer to Interrogatory No. 12.
[58]   *See* **Exhibit B**, Declaration of counsel; **Exhibit B-1** attached thereto.

Respectfully submitted,

*/s/ Megan S. Peterson*

M. Davis Ready, T.A. (Bar No. 24616)
Megan S. Peterson (Bar No. 34026)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:(504) 569-2030
Facsimile: (504) 569-2999
Email:      davisr@spsr-law.com
            meganp@spsr-law.com
**Attorneys for Defendants, Home Depot U.S.A.,
Inc. and Eric Hall**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or through facsimile or U.S. Mail, postage paid.

This **14th** day of **September**, 2021.

*/s/ Megan S. Peterson*