UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA WEST                                        CIVIL ACTION

VERSUS                                              21-1403

HOME DEPOT U.S.A., INC.                             SECTION: "J" (4)
AND ERIC HALL

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff Barbara West, which is opposed by Defendant Home Depot, U.S.A., Inc. **(Rec. Doc. 9)**. Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND[1]

This case arises out of an alleged slip-and-fall accident at the Home Depot Store in Hammond, Louisiana on September 17, 2020. Plaintiff, Barbara West, contends that, while shopping at the Home Depot Store, she was injured when she slipped and fell on a "substance" on the ground outside of the store. Plaintiff claims that Home Depot employees had been stocking pallets of sandbags outside the store earlier in the day.

Plaintiff subsequently filed suit in Louisiana state court on October 2, 2020 against Home Depot U.S.A., Inc. ("Home Depot") and Eric S. Hall ("Hall")(collectively "Defendants"). Defendants removed the state court action to this Court on the basis

---

[1] All facts come from (Rec. Doc. 1); (Rec. Doc. 6-1); (Rec. Doc. 9).

1

of diversity jurisdiction. There is no dispute as to the parties' citizenship. Plaintiff Barbara West is a citizen of the State of Louisiana. Defendant Home Depot is a foreign entity incorporated under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Defendant Eric S. Hall is the store manager for the Hammond Home Depot, and he is a citizen of the State of Louisiana. At the time of this writing, Plaintiff's medical bills stand at approximately $20,000.

## **PARTIES' ARGUMENTS**[2]

Plaintiff first argues that removal to this Court was improper because complete diversity does not exist between all parties. Specifically, Plaintiff asserts that both Hall and Plaintiff are citizens of the State of Louisiana and, therefore, all parties are not diverse. Furthermore, Plaintiff maintains that joinder of Hall is not improper because she made specific allegations of direct negligence against Defendant Hall— and not just allegations relating to his "representative and managerial capacity." Additionally, Plaintiff argues that remand should be granted because the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332(a).

In response, Defendant Home Depot contends that this Court should not consider the citizenship of Hall because he is an improperly joined party. Home Depot claims, relying on the declaration of Hall, that Hall was off duty on the date of the incident. Thus, Home Depot avers that complete diversity exists between Plaintiff, a Louisiana citizen, and Home Depot, a citizen of Georgia and Delaware. Furthermore, Defendant argues that the amount in controversy exceeds $75,000.

---

[2] Parties' arguments come from (Rec. Doc. 6-1); (Rec. Doc. 9).

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### A. Diversity of Citizenship

Section 1441(b) specifies that an action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2). Thus, a properly joined in-state[3] defendant will prevent removal, but an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

---

[3] The term "in-state" is used to describe a defendant who is a citizen of the state where the action was brought, preventing removal under § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying diversity jurisdiction under § 1332(a).

The party seeking removal bears a heavy burden of proving that the joinder of the in-state defendant was improper. *Id.* at 574. The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). To establish improper joinder where there is no allegation of actual fraud, the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant, which, stated differently, means that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).

A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* at 573. The federal pleading standard governs whether a plaintiff has stated a claim against a non-diverse defendant for purposes of the improper joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, No. 14-20552, 2016 WL 1274030, at *3 (5th Cir. Mar. 31, 2016). Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. Because the purpose of the improper joinder inquiry is

to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. *Id.*

### B. Amount in Controversy

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335. If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.*

## DISCUSSION

### A. Diversity of Citizenship

The issue of diversity before the Court turns on whether Hall is properly joined. The Court, upon a summary judgment inquiry into the record, concludes that Hall was improperly joined. As the record indicates, Hall was not present on the day of the incident and, therefore, could not have been directly involved in creating the alleged hazard.

Under Louisiana law, an individual employee will be liable to a third person if the plaintiff can prove that the employee breached a personal duty to that third person. *See Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973). In *Canter v. Koehring Co.,* the Louisiana Supreme Court established a test to determine if the non-diverse defendant owes such a duty to the plaintiff. *Id.* A court will find such a duty exists if all elements are met:

> (1) The principal or employer [owes] a duty of care to the customer; (2) This duty [is] delegated by the principal or employer to the employee in question; (3) The employee . . . breached this duty through his own personal fault; and (4) Personal liability [is not] imposed on the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. July 19, 1995); *see also Canter*, 283 So. 2d at 721. Here, the fourth element is at issue. Plaintiff asserts that Hall breached a personal duty owed to her through his direct involvement in creating the hazard and/or failing to remedy it. (Rec. Doc. 6-1 at 5). In response, Home Depot argues that the allegations merely relate to Hall's administrative duties. (Rec.

Doc. 9 at 4). Furthermore, Home Depot claims that Hall was off-duty on the day of the incident and, therefore, could not have been directly involved. *Id.* at 9. Thus, Home Depot contends that Hall should be dismissed from this case under *Canter*. *Id.* at 8.

Louisiana courts have found that a store manager cannot be held personally liable for an incident if the store manager was off-duty on the date in question. *See Brown v. Wal-Mart La., LLC*, No. 10 CV 1402, 2011 WL 13161555, at *5 (W.D. La. Mar. 12, 2011)(holding that defendant was improperly joined as she was not store manager on the date of the incident). In *Black v. Lowe's Home Centers, Inc.*, the United States District Court for the Middle District of Louisiana found defendant store manager to be improperly joined when the plaintiff brought suit following an alleged slip and fall incident. No. 10-478-RET, 2010 WL 4789165, at *1 (M.D. La. Nov. 17, 2010) (*report & recommendation adopted* No. 10-478-C-M2, 2010 WL 4790906 (M.D. La. Oct. 22, 2010)). In denying plaintiff's motion to remand for lack of diversity jurisdiction, the court relied on the fact that there was no evidence that defendant store manager was working at the store on the date of the incident. *Id.* Therefore, the court reasoned, the plaintiff was seeking to impose liability on the store manager solely for breaching his supervisory duties—in violation of *Canter*— and dismissed him from the suit. *Id.*

Here, Plaintiff makes a series of allegations against Hall, most of which accuse him of failure to adequately supervise other employees.[4] However, Plaintiff makes two claims against defendant that accuse him of being directly involved in creating the hazard. First, Plaintiff contends that Hall "[c]reated an unsafe and hazardous condition."(Rec. Doc. 6-1 at 4). Second, Plaintiff claims that Hall "[f]acilitated and/or contributed to creating the hazard by participating in the stocking." *Id.* However, just as there was proof that the store manager in *Black* was not present on the day of the incident, Defendant Home Depot presents evidence, by way of affidavit, that Hall was off-duty on the date of Plaintiff's alleged slip and fall. (Rec. Doc. 9-1). Therefore, because the evidence indicates that Hall was off duty, the only allegations that Plaintiff could reasonably make against him relate solely to his general supervisory duties. Because such claims are barred by *Canter*, the Court concludes that Hall was improperly joined to this suit.

## B. Amount in Controversy

A brief examination of the amount in controversy issue further establishes that Plaintiff's *Motion to Remand* should be denied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000. The removing party bears the burden of

---

[4] Plaintiff accuses Hall of "A) Failure to maintain a safe environment for HOME DEPOT U.S.A., INC. customers; B) Failure to be aware of and/or warn of the dangerous condition; C) Failure to properly train and instruct employees in maintaining a safe environment for customers; D) Creating an unsafe and hazardous condition; E) Failure to remove the dangerous condition; F) Failure to barricade the aisle from customer access while the trip hazard was on the floor; G) Facilitating and/or contributing to creating the hazard of trip hazards being present by participating in the stocking and/or other like conduct involving stocking and/or otherwise arranging the display of products outside the store; H) Having the existence of the subject trip hazard for such a period of time that had ERIC S. HALL been acting as a prudent manager, he would have learned of and remedied the hazard; I) Having direct and/or constructive knowledge of the unreasonably dangerous and unsafe condition and failing timely remedy the problem; J) Failing to follow-up with employees and staff to insure that appropriate safety protocols were in place; K) Failing to direct and/or supervise employees in appropriate safety protocols." (Rec. Doc. 6-1 at 4-5).

proving, by a preponderance of the evidence, that this threshold amount has been exceeded. *Grant*, 309 F.3d at 868. Although Plaintiff asserts that her medical bills currently stand at around only $20,000, Defendant Home Depot argues that the amount in controversy will ultimately exceed the $75,000 threshold. (Rec. Doc. 9 at 11).

In support of this assertion, Home Depot cites a series of past cases, involving injuries and damages similar to Plaintiff's, in which courts found that the amount in controversy requirement had been satisfied. *Id.* at 12. In *Gebbia v. Wal-Mart Stores, Inc.*, the Fifth Circuit held that the amount in controversy requirement was satisfied when the plaintiff alleged injuries to her wrist, knee and patella, and upper and lower back. 233 F.3d at 883. Furthermore, the plaintiff alleged "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id.* According to the court, such allegations made it facially apparent that the plaintiff's claimed damages exceeded $75,000. *Id.* Additionally, in *Cook v. Walmart, Inc.*, the court found that the amount in controversy requirement was satisfied when the plaintiff's medical bills stood at $12,755 for injuries to her lower back and knee, and there was evidence that she intended to proceed with further treatment. No. 20-02945, 2021 WL 1440135, at *2 (E.D. La. Apr. 16, 2021).

Here, Plaintiff's alleged injuries are similar to those of the plaintiff in *Gebbia*. In addition to the wrist, knee, and back pain that the plaintiff in *Gebbia* alleged, Plaintiff claims she suffers from: acute fracture in her ankle, neck pain, right

shoulder pain, left shoulder pain, radiating pain down left leg, and hip pain. (Rec. Doc. 1-4). Additionally, Plaintiff states that her injuries have necessitated the use of crutches, a boot, a knee scooter, and a wrist brace. *Id*. Furthermore, like the plaintiff in *Cook*, who intended to proceed with further treatment, Plaintiff states that her medical treatment is in its early stages. (Rec. Doc. 1-2 at 4). In her petition for damages, Plaintiff contends that she is entitled to general damages, as well as special damages in the form of past and future medical expenses, lost wages, loss of earning capacity, and amounts for past and future loss of services. (Rec. Doc. 1-3). Because the injuries and damages cited by Plaintiff are similar to, and in some ways exceed, those of the plaintiff in *Gebbia*, the Court finds that the amount in controversy requirement has been met.

Because Home Depot has met its burden of establishing that the amount in controversy requirement has been met, Plaintiff may remain in state court only if she makes a showing to a "legal certainty" that the amount in controversy does not exceed $75,000. For example, Plaintiff may submit a binding stipulation or affidavit limiting recovery to less than that amount. In *Ardoin v. Allstate Insurance Co.* the court made clear that, in order to stay in state court, "a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." No. 06-7624, 2007 WL 97062, at *2 (E.D. La. Jan. 9, 2007). Here, Plaintiff has not made such a showing or renunciation.

10

## CONCLUSION

In conclusion, because the Court finds that Hall was improperly joined, as he was off-duty on the day of the alleged incident, complete diversity exists between all parties. Additionally, the injuries at issue in this case are similar to those described in previous cases wherein the court found that the amount in controversy requirement had been met. Thus, Defendants have established by a preponderance of the evidence that the amount in controversy requirement has been met. Furthermore, Plaintiff has failed to show to a "legal certainty" that the amount in controversy does not exceed $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* is **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE